UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re                                          Chapter 11

      HPA Northridge LLC                  Case no.  16-13376

                         Debtor.
-------------------------------------------------------------x


# <u>PLAN OF REORGANIZATION</u>


Mark A. Frankel
BACKENROTH FRANKEL & KRINSKY, LLP
800 Third Avenue
New York, New York 10022
Telephone: (212) 593-1100
Fascimile: (212) 644-0544


ATTORNEYS FOR THE DEBTOR

## INTRODUCTION

HPA Northridge LLC ("Debtor"), proposes this Plan of Reorganization to its Creditors.  UPON CONFIRMATION, THIS PLAN SHALL BE A BINDING OBLIGATION BETWEEN AND AMONG THE DEBTOR AND EACH OF THE DEBTOR'S CREDITORS (AS SUCH TERMS ARE DEFINED BELOW).

## DEFINITIONS

As used in this Plan, the following terms will have the meanings hereinafter set forth:

1.    "Administrative Expense" Any cost or expense of administration of the Bankruptcy Case entitled to priority under section 507(a)(1) and allowed under section 503(b) of the Bankruptcy Code, and any fees or charges assessed against the Debtor's Estate under Chapter 123, Title 28, United States Code.

2.    "Administrative Expense Claim" shall mean claim for payment of an Administrative Expense.

3.    "Allowance Date" shall mean the date which a Disputed Claim becomes an Allowed Claim by Final Order.

4.    "Allowed Amount" shall mean the amount of a Claim:  (a) to the extent that a Proof of Claim is filed timely or, with leave of the Court late filed as to which (i) no party in interest files an objection or (ii) which is allowed by a Final Order; or (b) which is listed on

the Debtor's schedules or any amendments thereto but which is not listed therein as disputed,

unliquidated or contingent.

5.        "Allowed Claim" shall mean a Claim: (a) to the extent that a Proof of

Claim is filed timely or, with leave of the Court late filed as to which (i) no party in interest files

an objection or (ii) which is allowed by a Final Order; or (b) which is listed on the Debtor's

schedules or any amendments thereto but which is not listed therein as disputed, unliquidated or

contingent.

6.        "Allowed Secured Claim" shall mean a Secured Claim to the extent it is an

Allowed Claim.

7.        "Allowed Unsecured Claim" shall mean an Unsecured Claim to the extent

it is an Allowed Claim.

8.        "Bankruptcy Case" shall mean this Chapter 11 bankruptcy case.

9.        "Bankruptcy Code" shall mean Title 11 of the United States Code (11.

U.S.C. § 101 et. seq.

10.        "Bankruptcy Court" shall mean the Court as defined below.

11.        "Bar Date" shall mean _____ .

12.        "Cash" shall mean all cash and cash equivalents which evidence

immediately available funds in United States dollars.

13.        "Claim" shall mean a right to payment as set forth in § 101(5) of the

Bankruptcy Code.

3

14.     "Claimant" shall mean the holder of a Claim.

15.     "Confirmation Date" shall mean the date of the entry of the Confirmation

Order.

16.     "Confirmation Hearing" shall mean the hearing pursuant to the

Bankruptcy Code Section 1128 before the Bankruptcy Court regarding the proposed

confirmation of the Plan.

17.     "Confirmation Order" shall mean the order of the Court confirming the

Plan.

18.     "Court" shall mean the United States Bankruptcy Court for the

SOUTHERN District of New York.

19.     "Creditor" shall mean any entity that holds a Claim against the Debtor.

20.     "Debtor" shall mean HPA Northridge LLC.

21.     "Disputed Claim" shall mean the whole or any portion of any claim

against the Debtor to which an objection is timely filed as to which a Final Order has not been

entered allowing or disallowing such Claim or any portion thereof.

22.     "Effective Date" shall mean the Date upon which the Confirmation Order

is a Final Order, or such other date after the Confirmation Date as may be practicable.

23.     "Estate" shall mean the estate of the Debtor created upon the

commencement of the Bankruptcy Case pursuant to Section 541 of the Bankruptcy Code.

24.    "Executory Contracts" shall mean "executory contracts" and "unexpired leases" as such terms are used within Section 365 of the Bankruptcy Code.

25.    "Final Order" shall mean an order of the Court that has not been reversed, modified, amended or stayed, and as to which the time to appeal or to seek review or certiorari thereof has expired, and as to which no appeal, review or rehearing is pending.

26.    "Interest" shall mean an existing ownership interest in the Debtor.

27.    "Interest Holder" shall mean a holder and owner of an existing Interest in the Debtor.

28.    "Legal Rate" shall mean the applicable interest rate as set forth in 28 U.S.C. §1961 as of the Petition Date.

29.    "Lien" shall mean a charge against or interest in property to secure payment of a debt or performance of an obligation.

30.    "Mortgagee" shall mean SJ Trust and DJ Trust.

31.    "Petition Date" shall mean December 2, 2016.

32.    "Plan" shall mean this Plan of Reorganization, and any and all modifications and/or amendments hereto.

33.    "Property" shall mean 2934 No Hill Street, Meridian, MS 39305.

34.    "Secured Claim" shall mean a Claim secured by a Lien on property included within the Debtor's Estate.

35.    "Secured Creditor" shall mean the owner or holder of a Secured Claim.

36.    "Unsecured Claim" shall mean a claim for which the Claimant does not

hold (a) a valid, perfected and enforceable Lien, security interest or other interest in or

encumbrance against Debtor or the Debtor's Estate; (b) a right to setoff to secure the payment of

such Claim.  An Unsecured Claim includes, but is not limited to, a Claim for damages resulting

from rejection of any Executory Contract pursuant to Section 365 of the Bankruptcy Code, and

does not include administrative of priority claims.

37.    "Unsecured Creditor" shall mean the owner or holder of an Unsecured

Claim.

## CLAIMS CLASSIFICATION AND TREATMENT

### Class 1

38.    Classification – real estate tax Liens.

39.    Treatment – Payment in full in Cash of Allowed Amount on the Effective

Date, plus interest at the applicable statutory rate as it accrues from the Petition Date through the

date of payment..

40.    Voting -- Unimpaired and deemed to have accepted the Plan.

### Class 2

41.    Classification – SJ Trust and DJ Trust

42.    Treatment -- Payment in full in Cash plus interest through the payment

date.

6

43.     Voting -- Unimpaired and deemed to have accepted the Plan.

## Class 3

44.     Classification –  Priority Claims under Sections 507(a)(2),(3),(4),(5),(6), and (7) of the Bankruptcy Code.

45.     Treatment – Payment in full in Cash of Allowed Amount on the Effective Date, plus interest at the applicable statutory rate as it accrues from the Petition Date through the date of payment.

46.     Voting -- Unimpaired and deemed to have accepted the Plan.

## Class 4

47.     Classification -- General Unsecured Claims

48.     Treatment -- Payment in full in Cash plus interest through the payment date.

49.     Voting -- Impaired and entitled to vote to accept or reject the Plan.

## ADMINISTRATION CLAIMS

50.     Allowed Administrative Expenses shall be paid in full in Cash on the Effective Date, or the date such Administrative Expense becomes Allowed, except to the extent that the holder of an Allowed Administrative Expense agrees to a different treatment; provided however, that Allowed Administrative Expenses representing obligations incurred in the ordinary course of business or assumed by the Debtor shall be Paid in full or performed by the Debtor in the ordinary course of business or pursuant to the terms and conditions of the particular

7

transaction.  Any outstanding U.S. Trustee fees shall be paid in full in Cash on the Effective Date.  United States Trustee fees will be paid, and operating reports will be filed as they come due by the Debtor.

## MEANS FOR IMPLEMENTATION

51.    **Source of Funds** – Funding for the Plan shall be from either (a) financing sufficient to pay all Claims in full in cash with interest by sixty days after the Confirmation Order is entered, or (b) from a sale of the Property by a broker to be designated.

52.    **Terms of Sale** The transfer of the Property under the Plan shall be free and clear of all liens, claims and encumbrances, with any such liens, claims and encumbrances to attach to the sale proceeds, and to be disbursed under the Plan.

53.    **Sale Approval** -- As part of the sale under the Plan, and in order to ensure consummation of the Plan, the Plan requires that  the Confirmation Order contain the following findings of fact and conclusions of law: (a) that the terms and conditions of the sale are fair and reasonable, (b) that the sale, and the purchaser's purchase, of the Property pursuant to the Plan, is non-collusive, fair and reasonable and was conducted openly and in good faith, (c) that the transfer of the Property to the purchaser represents an arm's-length transaction and was negotiated in good faith between the parties, (d) that the purchaser, as transferee of the Property, is a good faith purchaser under Bankruptcy Code § 363(m) and, as such, is entitled to the full protection of Bankruptcy Code § 363(m), (e) the sale of the Property to the purchaser was not controlled by an agreement among potential purchasers, (f) that no cause of action exists against the Purchaser or with respect to the sale of the Property to the purchaser under Bankruptcy Code

8

§ 363(n), and (g) that any claims under Bankruptcy Code § 363(n) or any other claims as against

the Purchaser are hereby released, waived and discharged.

54.    **Release of Liens** -- Except as otherwise provided for in the Plan, (a) each

holder of a Secured Claim, shall on the Effective Date (x) turn over and release to the Debtor any

and all Collateral that secures or purportedly secures such Claim, as pertains to the Property or

such Lien shall automatically, and without further action by the Debtor be deemed released, and

(y) execute such documents and instruments as the Debtor requests to evidence such Claim

holder's release of such property or Lien.

55.    **Stamp Tax** -- Under the Plan, pursuant to Bankruptcy Code § 1146(c), (a)

the issuance, transfer or exchange of any securities, instruments or documents, (b) the creation of

any other Lien, mortgage, deed of trust or other security interest, (c) the making or assignment of

any lease or sublease or the making or delivery of any deed or other instrument of transfer under,

pursuant to, in furtherance of, or in connection with, the Plan, including, without limitation, any

deeds, bills of sale or assignments executed in connection with the purchase of the Property by

the Purchaser and any other transaction contemplated under the Plan or the re-vesting, transfer or

sale of any real or personal property of the Debtor pursuant to, in implementation of, or as

contemplated in the Plan, and (d) the issuance, renewal, modification or securing of indebtedness

by such means, and the making, delivery or recording of any deed or other instrument of transfer

under, in furtherance of, or in connection with, the Plan, including, without limitation, the

Confirmation Order, shall not be subject any applicable document recording tax, stamp tax,

9

conveyance fee or other similar tax, mortgage tax, real estate transfer tax, or other similar tax or governmental assessment.

56.    **Vesting** -- Except as otherwise provided in the Plan, on the Effective Date all assets and properties of the Estate shall vest in the Debtor free and clear of all Liens, Claims and encumbrances and any and all liens, claims and encumbrances that have not been expressly preserved under the Plan shall be deemed extinguished as of such date.  Except as otherwise provided herein, as of the Effective Date, all property of the Debtor shall be free and clear of all Claims and Interests of Creditors, except for the obligations that are imposed under the Plan or by a Final Order of the Bankruptcy Court.

57.    **Execution of Documents** -- The Debtor shall be authorized to execute, in the name of any necessary party, any notice of satisfaction, release or discharge of any Lien, Claim or encumbrance not expressly preserved in the Plan and deliver such notices to any and all federal, state and local governmental agencies or departments for filing and recordation.

58.    **Recording Documents** -- Each and every federal, state and local governmental agency or department shall be authorized to accept and record any and all documents and instruments necessary, useful or appropriate to effectuate, implement and consummate the transaction contemplated by the Plan, including, but not limited to any and all notices of satisfaction, release or discharge of any Lien, Claim or encumbrance not expressly preserved by the Plan, and the Confirmation Order.

10

## DISTRIBUTIONS TO CREDITORS

59.     The Debtor shall be disbursing agent under the Plan without a bond.  The

Debtor reserves the right to file objections to claims in the event grounds exist to object to

particular claims, for a period of 60 days after the Effective Date.  On the initial distribution date

and on each distribution date as may thereafter be necessary, the Debtor shall maintain an

undetermined claims distribution reserve for the holders of undetermined claims as of such date

in a sum not less than the amount required to pay each such undetermined claim if such claim

was allowed in full.  To the extent that an undetermined claim becomes an Allowed Claim, the

distributions reserved for such Allowed Claim, shall be released from the undetermined claims

distribution reserve and paid to the holder of such Allowed Claim.  After all the amounts of all

undetermined claims have been fixed, the balance of the undetermined claims distribution

reserve shall thereafter be paid in accordance with the Plan.

## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

60.     Except for executory contracts and unexpired leases the Debtor rejects

before the Confirmation Date, all unexpired leases and executory contracts shall be assumed

under the Plan.  In the event of a rejection which results in damages a proof of claim for such

damages must be filed by the damaged party with the Court within sixty (60) days after the

rejection date. All Allowed Claims arising from the rejection of any Executory Contract or

unexpired lease shall be treated as Unsecured Claims.  Any Claim arising from the rejection of

any Executory Contract or unexpired lease not filed with the Court within the time period

11

provided herein shall be deemed discharged and shall not be entitled to participate in any

distribution under the Plan.

### **RETENTION OF JURISDICTION**

61.    Retention of Jurisdiction.  The Court shall have jurisdiction over all

matters arising under, arising in, or relating to the Debtor's Bankruptcy Case including, but not

limited to, proceedings:

- To consider any modification of the Plan under section 1127 of the Bankruptcy Code;

- To hear and determine all Claims, controversies, suits and disputes against the Debtor to the full extent permitted under 18 U.S.C. §1334 and 28 U.S.C. §157;

- To hear, determine and enforce all Claims  and causes of action which may exist on behalf of the Debtor or the Debtor's estate, including, but not limited to, any right of the Debtor or the Debtor's Estate to recover assets pursuant to the provisions of the Bankruptcy Code;

- To hear and determine all requests for compensation and/or reimbursement of expenses which may be made;

- To value assets of the Estate.

- To enforce the Confirmation Order, the final decree, and all injunctions therein;

- To enter an order concluding and terminating the Bankruptcy Case;

- To correct any defect, cure any omission, or reconcile any inconsistency in the Plan, or the Confirmation Order;

- To determine all questions and disputes regarding title to the assets of the Debtor.

- To re-examine Claims which may have been allowed for purposes of voting, and to determine objections which may be filed to any Claims.

## GENERAL PROVISIONS

62.    **Headings**.  The headings in the Plan are for convenience of reference only and shall not limit or otherwise affect the meaning of the Plan.

63.    **Disputed Claims**.  The Debtor shall hold in escrow the distribution that would be due on account of any Disputed Claim.  No Disputed Claims shall be paid, nor shall distributions be made to a creditor holding a Disputed Claim, until such Claim becomes an Allowed Claim.

64.    **Calculation of Time Periods**.  Bankruptcy Rule 9006 is incorporated herein for purposes of calculating the dates set forth herein.

65.    **Other Actions**.  Nothing contained herein shall prevent the Debtor, Interest Holders, or Creditors from taking such actions as may be necessary to consummate the Plan, although such actions may not specifically be provided for within the Plan.

66.    **Modification of Plan**.  The Debtor may seek amendments or modifications to the Plan in accordance with section 1127 of the Bankruptcy Code at any time prior to the Confirmation Date.  After the Confirmation Date, the Debtor may seek to remedy any defect or omission or reconcile any inconsistencies in the Plan or in the Confirmation Order, in such manner as may be necessary to carry out the purposes and intent of the Plan

13

## INJUNCTION AND PROPERTY OF THE ESTATE

67.    **Injunction**.  The confirmation of this Plan shall constitute an injunction of the Court against the commencement or continuation of any action, the employment of process, or any act, to collect, recover or offset from the Debtor or its property or properties, any obligation or debt except pursuant to the terms of the Plan.

## CLOSING THE CASE

68.    Upon substantial consummation, the Debtor may move for a final decree to close the Bankruptcy Case and to request such other orders as may be just.

Dated: New York, New York
        March 31, 2017

                            HPA Northridge LLC

                By:      s/ Joel I Beeler


                            BACKENROTH FRANKEL & KRINSKY, LLP
                            Attorneys for Debtor

                By:      s/Mark A. Frankel
                            800 Third Avenue
                            New York, New York 10022
                            (212) 593-1100

14